IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CHRISTOPHER I. COOPER,           )
                                 )
          Plaintiff,             )   Case No. 05-824-KI
                                 )
     vs.                         )   OPINION AND ORDER
                                 )
INTERNAL REVENUE SERVICE,        )
                                 )
          Defendant.             )


    Christopher I. Cooper
    11795 S. W. Tualatin Road, #112
    Tualatin, Oregon 97062-7098

        Pro Se Plaintiff

    Karin J. Immergut
    United States Attorney
    District of Oregon
    1000 S. W. Third Avenue, Suite 600
    Portland, Oregon 97204-2024

Goud P. Maragani
Trial Attorney, Tax Division
U. S. Department of Justice
P. O. Box 683
Ben Franklin Station
Washington, D. C. 20044-0683

Attorneys for Defendant

KING, Judge:

Plaintiff Christopher Cooper alleges claims concerning an adverse Notice of Determination sent to him on May 5, 2005 by the IRS Appeals Office regarding a collection due process hearing for tax year 1999. Cooper seeks to have the collection action dismissed and alleges claims entitled violation of due process and violation of the Internal Revenue Restructuring Act of 1998. Before the court is the United States' Motion to Dismiss (#4).

## DISCUSSION

Actions against the United States are barred except when the United States has expressly waived its sovereign immunity and given its consent to be sued. Any claim for which sovereign immunity has not been waived must be dismissed for lack of jurisdiction. Orff v. United States, 358 F.3d 1137, 1142 (9th Cir. 2004), cert. granted on other grounds, 125 S. Ct. 309 (2004).

Section 6330 of the Internal Revenue Code gives a limited waiver of sovereign immunity to allow taxpayers to challenge the imposition of federal tax liens and levies. The taxpayer must request a hearing before an IRS appeals officer within 30 days. 26 U.S.C. § 6320(b). If the taxpayer is unhappy with the appeals officer's determination, the taxpayer has another 30 days to petition the Tax Court or District Court for review of the determination. Id. at § 6330(d). If an

income tax liability is at issue, jurisdiction lies solely within the Tax Court. Id. at § 6330(d); Krugman v. Commissioner, 112 T.C. 230, n.6 (1999).

Cooper's challenge involves his personal income tax liability. Thus, jurisdiction lies only within the Tax Court. He was informed of this in the Notice of Determination ("If you want to dispute this determination in court, you have 30 days from the date of this letter to file a petition with the United States Tax Court for a redetermination."). Maragani Decl. Ex. A. Accordingly, this court does not have subject matter jurisdiction and the action must be dismissed.

## CONCLUSION

United States' Motion to Dismiss (#4) is granted. This action is dismissed.

IT IS SO ORDERED.

Dated this     21st     day of September, 2005.

                /s/ Garr M. King
                Garr M. King
                United States District Judge